UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TOBIAS SHINN, JR.,

        Plaintiff,

v.                                 Case No. 3:25-cv-247-MMH-LLL

COLONEL LINDSEY, ET. AL.,

        Defendants.

_____

## **ORDER**

Plaintiff, Tobias Shinn, Jr., an inmate in the Florida penal system, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. 1; Complaint). On April 11, 2025, the Court identified deficiencies in the Complaint and directed Shinn to file an amended complaint. She[1] now proceeds on an Amended Complaint (Doc. 8; Amended Complaint). In the Amended Complaint, Shinn names four Florida Department of Corrections (FDOC) employees as Defendants: (1) Colonel Lindsey; (2) Assistant Warden Randall; (3) Assistant Warden Crews; and (4) Captain Best. Id. at 2–3. Shinn alleges Defendants failed to protect her against inmate attacks. Id. at 3, 6, 8–9.

---

[1] Because Plaintiff identifies as female, the Court uses she/her pronouns.

On October 20, 2025, Defendants filed a Motion to Dismiss the Amended Complaint (Doc. 14; Motion to Dismiss). Although the Court previously directed Shinn to respond to any motion to dismiss within 45 days, see Doc. 4 at 3; Doc. 9 at 3, she failed to file a response within that timeframe or request additional time to do so.  On December 19, 2025, the Court entered an Order directing Shinn, by January 20, 2026, to (1) show cause why the case should not be dismissed for her failure to comply with the Court's Orders or otherwise prosecute the case; and (2) file a response to Defendants' Motion to Dismiss (Doc. 14). See Doc. 16 (citing Rule 3.10, Local Rules, United States District Court for the Middle District of Florida). The Court also advised Shinn that her failure to timely comply may result in the dismissal of this case without further notice. Id. at 2. To date, Shinn has not filed a response to the Motion to Dismiss or the Court's Order.[2]

Under Rule 41(b) Federal Rules of Civil Procedure (Rule(s)), a district court has discretion to dismiss a pro se plaintiff's action for her failure to comply with court rules or a court order. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). While "[p]ro se pleadings are held to a less stringent standard

---

[2] Shinn has made no filings since before Defendants' filing of the Motion to Dismiss.

than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), pro se litigants still must conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). As such, when a pro se plaintiff fails to comply with a court's order or rules, the court may sua sponte dismiss a case under Rule 41(b). See Hargrove v. Capela, 792 F. App'x 758, 759 (11th Cir. 2020) (affirming district court's dismissal of complaint where plaintiff failed to comply with a court order to submit an amended application to proceed in forma pauperis or to pay a filing fee); Powell v. Harris, 628 F. App'x 679, 680 (11th Cir. 2015)[3] (per curiam) (holding the district court did not abuse its discretion dismissing the case without prejudice for the plaintiff's noncompliance with the court's instructions to file a proper complaint); Duong Thanh Ho v. Costello, 757 F. App'x 912, 914–15 (11th Cir. 2018) (affirming the district court's dismissal without prejudice for the pro se plaintiff's failure to comply with the court's order to amend). And Local Rule 3.10 also provides that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Here, in prosecuting this action, Shinn was required to respond to Defendants' Motion to Dismiss. The Court informed Shinn of her obligation twice See Docs. 4, 16. As of the date of this Order, she has neither complied with the Court's Orders (Docs. 4, 16), nor requested more time to do so. Accordingly, this action is to be dismissed without prejudice for failure to prosecute and comply with the Court's Orders.[4]

Accordingly, it is now **ORDERED and ADJUDGED:**

1. This case is **DISMISSED without prejudice** for Shinn's lack of prosecution.

2. The **Clerk** shall enter judgment accordingly, terminate any pending motions, and close the case.

**DONE AND ORDERED** in Jacksonville, Florida, on February 10, 2026.

MARCIA MORALES HOWARD
United States District Judge

JaxP-12

c:    Tobias Shinn, Jr., #127373

---

[4] The Court notes that the claims Shinn seeks to assert stem from actions taken between July 2024 and December 2024. As such, at this time, the refiling of her claims would not be barred by the applicable statute of limitations. However, Shinn is cautioned that timely filing is her own responsibility.

4